## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 19-cv-60450-BLOOM/Valle

NATALIA ALBOT,

      Plaintiff,

v.

RUSLAN PLOPA, *et al.*,

      Defendants.

_____/

### <u>ORDER</u>

**THIS CAUSE** is before the Court on the Defendant Ruslan Plopa's Motion to Dismiss the Complaint ("Motion"), ECF No. [13]. The Court has reviewed the Motion, the opposing submission, the record and applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

### I.  BACKGROUND

According to the Amended Complaint ("Complaint"), ECF No. [7], Plaintiff Natalia Albot ("Plaintiff") is a journalist and civic activist, who runs a weekly webcast called "Internetu' Grăiește" (the "Webcast"). *Id.* at ¶¶ 2, 6. In February 2019, Plaintiff expressed a "positive view" of political candidate Dumitru Alaiba during one of her Webcasts. *Id.* at ¶ 6. At the time, Dumitru Alaiba was running for a seat in the Parliament of the Republic of Moldova against opponent Alexandrin Patron. *Id.* Alexandrin Patron is the business associate of Defendant Ruslan Plopa's ("Defendant Plopa") brother. *Id.* Alexandrin Patron was also invited to appear on Plaintiff's Webcast. *Id.* at ¶ 7. This invitation was at first accepted, but the candidate later chose not to appear. *Id.*

On February 14, 2019, Defendant Plopa is alleged to have transmitted a "'live' broadcast on Facebook with defamatory statements in an effort to intimidate Plaintiff." *Id.* This broadcast was allegedly viewed by thousands of people. *Id.* at ¶ 12. In the broadcast, Defendant accused Plaintiff of committing tax evasion. *Id.* at ¶ 15. Defendant latter retracted the statement. *Id.* at ¶ 15. After Defendant Plopa retracted his statements, however, he then reasserted that Plaintiff committed tax evasion in another broadcast and made several other offensive remarks about her at that time. *Id.* at ¶ 16.

After Defendant Plopa was served with the initial complaint, ECF No. [1], Defendant Plopa and Defendant Gabriel Călin ("Defendant Călin") created and began circulating the hashtag "#250k" on social media sites. *Id.* at ¶ 17. This hashtag was apparently a reference to the amount of damages sought on the civil coversheet executed in this action. *Id.* Plaintiff asserts that this hashtag had no bearing on the lawsuit or the issues in dispute, but rather was used to "subject Plaintiff to ridicule, disgrace, and contempt." *Id.* Plaintiff asserts that once the hashtag was created, Defendant Călin then published a broadcast which is alleged to have falsely imputed derogatory comments to Plaintiff. *Id.* at ¶ 19. Defendant Călin later issued a public apology to the Plaintiff and made a plea to her to have this action withdrawn against him. *Id.* at ¶ 22. Then on March 1, 2019, Defendant Călin published another video, which was allegedly made to "incite truck drivers to fundraise for a class action against Plaintiff [and] in an effort to have the instant action 'voluntarily' dismissed." *Id.* at ¶ 23. On March 10, 2019, Defendant Plopa then issued another broadcast, promoting the fundraising campaign, and indicating it would not stop unless Plaintiff withdrew this lawsuit. *Id.* at ¶ 24. Plaintiff asserts a count of defamation against each Defendant, and the following counts against the Defendants collectively: (1) tortious interference

Case No. 19-cv-60450-BLOOM/Valle

with Plaintiff's business relationship; (2) Conspiracy to tortiously interfere with Plaintiff's business relationship; and (3) cyberstalking injunction.

Defendant Plopa has now moved to dismiss the Complaint, arguing that the Court lacks a jurisdictional basis to proceed. *See generally*, ECF No. [13]. In the Motion, Defendant Plopa argues that diversity jurisdiction has not and cannot be established because neither Defendant nor Plaintiff are United States Citizens. *Id.* at 2. Plaintiff opposes the Motion, arguing only that the Motion would be rendered moot should the Court grant her Motion for Leave to File a Second Amended Complaint, ECF No. [16], which was filed after the filing of the instant Motion. ECF No. [17], at 1. In her Opposition to the Motion, the Plaintiff fails to address Defendant Plopa's argument that she has failed to establish diversity jurisdiction. *See generally*, ECF No. [17].

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure direct that "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). For subject matter jurisdiction, diversity must be complete. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1557 (11th Cir. 1989). "Diversity of citizenship 'should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record.'" *Buti v. Impressa Perosa, S.R.L.*, 935 F.Supp. 458, 461 (S.D.N.Y. 1996), aff'd, 139 F.3d 98 (2d Cir.), cert. denied, 525 U.S. 826 (1998) (citation omitted). Federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Further, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time."

*Herskowitz v. Reid*, 187 F. App'x 911, 912–13 (11th Cir. 2006) (footnote call numbers and citations omitted). The burden of proving that complete diversity exists rests upon the party seeking to invoke the Court's jurisdiction. *Leonard v. Kern*, 651 F.Supp. 263, 264 (S.D. Fla. 1986).

## III.    DISCUSSION

In this action, subject matter jurisdiction is premised on diversity pursuant to 28 U.S.C. § 1332(a)(2). 28 U.S.C. § 1332(a)(2) provides that this Court has original jurisdiction over all civil actions in which the matter in controversy exceeds $75,000.00 in value and is between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a). Section 1332(a) further provides that, "[f]or purposes of this section ... an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled." *Id.* Diversity jurisdiction may arise in a suit between aliens if the action also includes U.S. citizens as both plaintiffs and defendants. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1340 (11th Cir. 2011) (citing *Iraola & CIA, S.A. v. Kimberly–Clark Corp.*, 232 F.3d 854, 860 (11th Cir. 2000)); *see also Caron v. NCL (Bahamas), Ltd.*, 910 F.3d 1359, 1364 (11th Cir. 2018) ("Alienage diversity, like general diversity under 28 U.S.C. § 1332(a)(1), must be complete; an alien on both sides of a dispute will defeat jurisdiction."). "Complete diversity does not exist where there are aliens on both sides of the litigation . . . even if the aliens are from different countries." *Impuls I.D. Int'l, S.L. v. Psion-Teklogix, Inc.*, 234 F. Supp. 2d 1267, 1274 (S.D. Fla. 2002) (citing *Simon Holdings PLC Group of Cos. U.K. v. Klenz*, 878 F.Supp. 210, 211 (M.D. Fla. 1995)). If complete diversity is lacking, a federal court does not have subject matter jurisdiction over an action pursuant to 28 U.S.C. § 1332. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

Here, based on the allegations of the Complaint, it is clear that complete diversity is lacking and that this Court does not have subject matter jurisdiction pursuant to 28 U.S.C. § 1332. As

conceded by the Plaintiff, she is not a United States citizen.  Rather, Plaintiff is a Canadian resident and a national of the Republic of Moldova.  ECF No. [7], at ¶ 1.  The Defendants in this case include Ruslan Plopa "a resident of Broward County, Florida . . . and a national of the Republic of Moldova," and Defendant Călin, "a resident of Dupage County, Illinois."  *Id.* at ¶¶ 3-4.

First, the Court notes that the Plaintiff has merely plead the residency of the two Defendants in the Complaint.  Residence, however, is distinct from citizenship and is insufficient on its own to establish diversity.  *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person.").  On this basis alone, the Court agrees with the Defendant that the Plaintiff has failed to establish that diversity of citizenship exists in this case and that dismissal is therefore warranted.

Second, and fatal to this action, is the Complaint's concession that aliens are present on both sides of this action. *See Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1557 (11th Cir. 1989) (stating that "the presence of at least one alien on both sides of an action destroys diversity."); *see also Ed & Fred, Inc. v. Puritan Marine Ins. Underwriters Corp.*, 506 F.2d 757, 758 (5th Cir. 1975) (finding no diversity jurisdiction when alien sued citizen of a state and an alien)  The presence of an alien on both sides of this action destroys diversity.  As presently postured, the Court is without a jurisdictional basis to proceed.

In this action Plaintiff, an alien, attempts to initiate an action against at least one alien Defendant.  Thus, Plaintiff attempts to confer federal jurisdiction through alienage jurisdiction.  Alienage jurisdiction prohibits an alien from suing another alien in federal court unless the suit includes United States citizens as plaintiffs and defendants. *Iraola & CIA, S.A. v. Kimberly–Clark Corp.*, 232 F.3d 854, 860 (11th Cir. 2000).  It is the burden of the party seeking federal jurisdiction

to demonstrate that diversity exists by a preponderance of the evidence. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (citing *Scoggins v. Pollock*, 727 F.2d 1025, 1026 (11th Cir. 1984)).  The Plaintiff has failed to meet that burden in this action.  The Plaintiff very well may be able to bring her lawsuit in state court. However, there is no basis for federal court jurisdiction.

The Court does note that there exists an exception to the rule of complete diversity.  "[A] court may ignore the citizenship of a plaintiff which has an independent basis of original federal jurisdiction against the defendant." *Palmer v. Hosp. Auth. of Randolph County*, 22 F.3d 1559, 1564 (11th Cir. 1994) (citing *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354 (1959)).  The logic behind this exception is that a court may ignore the citizenship of the nondiverse party because that party is "properly before the court on a separate ground of original federal jurisdiction." *Id.* at 1565.  To meet this "exception, the non-diverse party must have an independent ground of original federal jurisdiction." *Id.* at 1565 (emphasis in original). Here, Plaintiff has no independent ground of original federal jurisdiction.  Therefore, the exception does not apply and complete diversity is lacking.  Accordingly, the Court finds that it does not have subject matter jurisdiction over the above-styled cause and that this action is due to be dismissed.

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  The Motion, **ECF No. [13]**, is **GRANTED**.

2.  The Complaint, **ECF No. [7]**, is **DISMISSED WITHOUT PREJUDICE**.

3.  To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED** as moot, and all deadlines are **TERMINATED**.

4.  The Clerk of Court is directed to **CLOSE** this case.

Case No. 19-cv-60450-BLOOM/Valle

**DONE AND ORDERED** in Miami, Florida, this 16th day of April, 2019.

BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record